UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

───────────────────

23-CV-5625 (RER) (JRC)

───────────────────

SALLY SCHMIDT, APPELLANT

VERSUS

AMERICAN PACKAGE CO. INC., APPELLEE

───────────────────

**MEMORANDUM & ORDER**

January 8, 2024

───────────────────

**RAMÓN E. REYES, JR., U.S.D.J.:**

Pro se appellant Sally Schmidt ("Schmidt" or "Appellant") appeals the July 10, 2023 Order of the United States Bankruptcy Court for the Eastern District of New York (Lord, J.), which lifted the stay of actions against her imposed during her then ongoing Chapter 13 proceeding. (ECF No. 1-6 ("Am. Appeal")). Appellee American Package Company, Inc. ("APC") is the owner and landlord of the building in which Schmidt is a resident. APC sought to enforce a possessory judgment order against Schmidt, but the ejectment proceedings were stayed automatically as a result of Schmidt's Chapter 13 bankruptcy. On July 10, 2023, the Bankruptcy Court granted APC's motion to lift the automatic stay. (ECF No. 4 ("APC's Cross Mot."), Ex. 4). For the reasons set forth below, the Court dismisses the appeal.

**BACKGROUND**

This appeal arises out of an ongoing dispute between Schmidt and APC. APC owns the building located at 226 Franklin Street a/k/a 97 Green Street, Brooklyn, New

York (the "Building"). (Am. Appeal ¶ 4). Schmidt has occupied Unit G4 (the "Unit") of the Building for approximately a decade. (*Id.* ¶¶ 4, 63). Schmidt mainly argues that APC (1) "has not shown solid ownership" of the Building (*id.* ¶ 4); (2) "engaged in a series of illegal acts" to deprive her of her life estate in the unit, such as spreading false information about an agreement, not keeping the building up to code, and violations of various city laws (*id.* ¶ 5–8, 24, 57–62); and (3) retained a lawyer with a conflict of interest because he was a member of the New York City Loft Board and as such, has access to Schmidt's private data (*id.* ¶ 14).

In June 2015, APC commenced an ejectment action against Schmidt in the Supreme Court of the State of New York to recover possession of the Unit, alleging that Schmidt was illegally subletting portions of the Unit in violation of NY MDL § 286(11) and NY RPL § 226-b. (*See* APC's Cross Mot., Ex. 1). On November 16, 2022, Hon. Miriam Sunshine, Special Referee of the New York Supreme Court, issued an Order "awarding sole, exclusive and immediate possession" of the Unit to APC, "directing the Sheriff of the City of New York to remove all persons in possession of" the Unit, and requiring Plaintiff to pay $316,121.73 for money owed and attorney's fees. (*Id.*).

After a series of state court action and bankruptcy proceedings, on May 1, 2023, Schmidt filed her third bankruptcy proceeding under Chapter 13, the underlying action of the current appeal. (Am. Mot. at 34–36). This triggered an automatic stay of her eviction pursuant to 11 U.S.C. § 362(1). On June 2, 2023, APC moved the Bankruptcy Court for relief from the stay, which was granted on August 24, 2023. (ECF No. 1, Ex. 2 ("Bankruptcy Lift Stay Order")). Subsequently, on July 26, 2023, Schmidt filed an amended motion for leave to appeal the Bankruptcy Lift Stay Order pursuant to Rule 8004 of the Federal Rules of Bankruptcy Procedure, which was referred to this Court. (Am.

Appeal). APC opposed Schmidt's motion and cross-moved to dismiss the appeal. (APC's Cross Mot.). While on appeal, the Bankruptcy Court dismissed the underlying action due to Schmidt's failure to file sufficient Chapter 13 plans and to comply with various rules and requirements. (ECF No. 8, Ex. 1). Consequently, on October 5, 2023, APC made the current motion to dismiss the appeal as moot. (ECF No. 8).

## **DISCUSSION**

"[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief' whatever to a prevailing party, the appeal must be dismissed by virtue of Article III's case or controversy requirement." *In re Chateaugay Corp.*, 10 F.3d 944, 949 (2d Cir. 1993) (quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992)). More specifically, "[w]hen a bankruptcy case has been dismissed, and that dismissal is not itself on appeal, an appeal of an interlocutory order of the bankruptcy court in that case is moot." *See Moss v. 245 East 25th Realty Corp.*, No. 02 Civ. 7555 (SHS), 2003 WL 256780, at *2 (S.D.N.Y. Feb. 5, 2003) (citation omitted); *see also Nanan v. Nationstar Mortgage, LLC*, No. 20-CV-5276 (MKB), 2021 WL 1998933, at *3 (E.D.N.Y. May 19, 2021).

Here, the underlying bankruptcy proceeding has been dismissed. Further, Schmidt appealed an interlocutory order, not the dismissal itself. Therefore, the appeal must be dismissed as moot.

## **CONCLUSION**

For the reasons stated above, the Court dismisses Appellant's appeal as moot.

The Clerk of the Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

Hon. Ramón E. Reyes, Jr.  Digitally signed by Hon. Ramón E. Reyes, Jr.
Date: 2024.01.08 10:58:04 -05'00'
_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: January 8, 2024
       Brooklyn, NY